IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDON HOLLINS, a Copper-Colored Original;<br><br>Plaintiff,<br><br>vs.<br><br>DARLA S. IDEUS, Judge, in her individual and official capacity; JOSHUA R. SHASSERRE, Clerk of the Supreme Court, in his individual and official capacity; and TROY HAWK, Clerk of the District Court, in his individual and official capacity;<br><br>Defendants. | 4:26CV3098<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Brendon Hollins' ("Hollins" or "Plaintiff") Complaint, Filing No. 1. Hollins, a non-prisoner proceeding pro se, was granted leave to proceed in forma pauperis ("IFP"). Filing No. 6. The Court conducts an initial review of Hollins' Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). Also before the Court are Hollins' Motion for Temporary Restraining Order ("TRO"), Filing No. 3; Emergency Motion for Immediate Peremptory Writ and Stay of Execution, Filing No. 7; and Emergency Motion for Sanctions and Protective Order, Filing No. 9. Hollins' Motions and Complaint are addressed below.

## I. SUMMARY OF COMPLAINT

Hollins filed this action under 42 U.S.C. § 1983, against Judge Darla S. Ideus; Joshua R. Shasserre, "Clerk of the Supreme Court"; and Troy Hawk, "Clerk of the District Court." Filing No. 1 at 1. Hollins sues each Defendant in their official and individual capacity. *Id.* He asserts one claim for relief under the Due Process Clause of the

Fourteenth Amendment for "tampering with judicial records and holding sham hearings." *Id.*

Hollins asserts that he is entitled to a default judgment in the amount of $4,442,000.00 in a state court case with case number CI 26 455. *Id.* Hollins claims that between January 26, 2026, and February 2, 2026, the Nebraska state court JUSTICE system sent Hollins several emails "confirming his filings and status." *Id.* However, after February 3, 2026, court staff intentionally deleted or removed Hollins' filings from the JUSTICE system to "conceal Plaintiff's compliance" and enable Judge Ideus to hold an illegal show cause hearing. *Id.* On March 18, 2026, Defendant Shasserre blocked Hollins' access to the Nebraska Supreme Court by denying Hollins "Leave to Docket" and by ignoring Hollins' "Statement of Impossibility" regarding the deleted records. *Id.*

Hollins also raises claims about a "subject property," though the Complaint provides little additional context. *Id.* Hollins argues the subject property is in a hazardous condition because Defendants have "permitted/facilitated repairs by unlicensed and uncertified individuals" in violation of Lincoln Municipal Code. *Id.* Hollins asserts the "obstruction of Plaintiff's judgment funds directly prevents him from securing safe, code-compliant housing, placing his life in continuous jeopardy." *Id.* State court records, available to this Court online,[1] show that *BMMB Ventures v. Brendon Hollins*, Case No. CI26-455, Lancaster County District Court, Nebraska, (the "State Court Action"), is an action for the forcible entry and detention of premises in Lincoln, Nebraska (the

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records in *BMMB Ventures v. Brendon Hollins*, Case No. CI26-455, Lancaster County District Court, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

"Premises").  In an Order for Writ of Restitution, attached to this Memorandum and Order, Judge Ideus ordered that Hollins and all occupants be removed from the Premises.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within

3

the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION OF COMPLAINT

Liberally construing Hollins' Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Hollins' Complaint fails to state a claim.

### A.  Official-Capacity Claims

Hollins' claims against each of the Defendants in their official capacity would be a suit against the State of Nebraska. *See* *Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll*., 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ*., 64 F.3d 442, 446–47 (8th Cir. 1995); *see also Robinson v. Lancaster Cnty. Ct.*, No. 8:18CV111, 2019 WL 1208812, at *3 (D. Neb. Mar. 14, 2019) (concluding that court clerks are shielded by Eleventh Amendment immunity when sued in their official capacities). Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover*

4

*Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Accordingly, Hollins' official capacity claims must be dismissed.

## B. Individual Capacity Claims Against Judge Ideus

Hollins' claims against Judge Ideus are unclear but, as pled in the Complaint, are barred by judicial immunity. A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "'First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Even construed liberally, Hollins does not allege that Judge Ideus took any action outside her judicial capacity. Although Hollins alleges Judge Ideus held an "illegal show cause hearing" without jurisdiction, his reference to Case No. CI 26 455 contradicts this allegation. As noted above, the records in the State Court Action show Judge Ideus presides over Case No. CI 26 455—the pending, state court case that Hollins references. Thus, even if Judge Ideus held an illegal hearing, it was not in complete absence of jurisdiction and Hollins cannot overcome absolute judicial immunity with allegations of bad faith or malice. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*,

5

435 U.S. 349, 356-57 (1978). Accordingly, Hollins' claims against Judge Ideus are barred by judicial immunity.

## C. Individual Capacity Claims Against Shasserre and Hawk

Hollins's claims against Shasserre and Hawk in their individual capacities are also barred. Court clerks are absolutely immune for "discretionary" acts, which are those taken at a judge's direction or pursuant to court rule. *Geitz v. Overall*, 62 F. App'x 744, 2003 WL 1860542, at *1 (8th Cir. 2003) (unpublished) (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process, unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. Cnty. of Washington*, 971 F.2d 100, 102 (8th Cir. 1992) (internal brackets, quotation, and citation omitted); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (explaining that court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint for several months and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir. 1970) (state court clerk who allegedly lost court file entitled to absolute immunity).

Here, Hollins implies that Hawk deleted records from the court file in Case No. CI 26-455 and Shasserre improperly determined that Hollins' filings were barred by procedural rules. Filing No. 1 at 1. These minimal allegations, even construed liberally, fail to allege that either Defendant committed any constitutional violation. The Complaint contains no facts from which the Court can conclude that the Clerk was carrying out a

ministerial function or acting outside his or her function within the judicial process.  *See Maness v. Dist. Ct. of Logan Cnty.-N. Div.*, 495 F.3d 943, 945 (8th Cir. 2007) (citing *Antoine*, 508 U.S. at 436-37 (when judicial immunity is extended to officials other than judges, it is because they exercise discretionary judgment as part of their function)). Rather, the minimal allegations suggest Defendants' actions were integral to the judicial process and part of the judicial function.  Accordingly, both Shasserre and Hawk are immune from suit.

### IV.  MOTION FOR TEMPORARY RESTRAINING ORDER

Because Hollins' claims are subject to dismissal, his Motion for Temporary Restraining Order ("TRO") must be denied.  The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Hollins' motion.  In *Dataphase*, the Eighth Circuit Court of Appeals, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest.  *Id.* at 114.  Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Hollins is not entitled to preliminary injunctive relief.  For the reasons stated above, he has not shown a probability of success on the merits.  Moreover, there is no indication that any of the harms alleged are irreparable.  Accordingly, the Court will deny the Motion for TRO.

## V.  OTHER PENDING MOTIONS

Hollins' Emergency Motion for Immediate Peremptory Writ and Stay of Execution, Filing No. 7, is difficult to discern.  Hollins appears to argue that he is entitled to a "default judgment" because this Court's failure to immediately enter a favorable ruling on Hollins' Motion for TRO subjected him to a "brutal" home invasion by armed mercenaries.  Filing No. 7 at 2.  Hollins does not explain how the TRO would relieve him from the effects of this invasion.  Further, for the reasons stated above, he has not shown that he is entitled to a TRO.

Construed as liberally as possible, Hollins appears to seek an order enjoining Defendants from taking further action in the State Court Action.  But the Anti-Injunction Act, 28 U.S.C. § 2283, "broadly commands that [state] tribunals shall remain free from interference by federal courts."  *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011).  The Anti-Injunction Act is subject to only three "specifically defined exceptions" which are "narrow and not to be enlarged by loose statutory construction."  *Id*. (cleaned up). "Indeed, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed."  *Id*. Specifically, the three exceptions allow a federal court to enjoin a state proceeding only "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  § 2283; *see Nat'l Basketball Ass'n v. Minnesota Prof'l Basketball, Ltd. P'ship*, 56 F.3d 866, 871 (8th Cir. 1995).  Hollins has not identified any reason for any of these exceptions to apply.  Accordingly, the Motion is denied.

Finally, Hollins files an Emergency Motion for Sanctions and Protective Order, Filing No. 9.  As best the Court can discern, Hollins asserts that the owner of Hollins'

8

residence removed written warnings about this case from the residence and has intercepted and interfered with Hollins' mail. *See* Filing No. 9 at 1-2. The Motion seeks sanctions and a protective order against Mark Becher, the owner of the residence, as well as Daniel Becher, Griener Company, and any other private security agency retained by Mark Becher. Filing No. 9 at 2. None of these individuals or entities are parties to this lawsuit, and Hollins has not shown that sanctions are necessary or appropriate. *See Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 555 (S.D. Iowa 2007) (sanctions against a non-party are appropriate only if the non-party has "a substantial interest in the outcome of the litigation and substantially participate[d] in the proceedings in which he interfered.") (quoting *Helmac Prods. Corp. v. Roth (Plastics) Corp.*, 150 F.R.D. 563, 567 (E.D. Mich. 1993)). Accordingly, the Motion will be denied.

## VI. CONCLUSION

In its present form, Hollins' Complaint fails to state a claim upon which relief can be granted because Hollins' claims are barred by sovereign, judicial, and quasi-judicial immunity. Consequently, Hollins' Complaint is subject to dismissal under 28 U.S.C. § 1915(e). Because further amendment would be futile, the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1.    This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    Hollins's Motion for Temporary Restraining Order, Filing No. 3; Emergency Motion for Immediate Peremptory Writ and Stay of Execution, Filing No. 7; and Emergency Motion for Sanctions and Protective Order, Filing No. 9, are denied.

3.      Judgment shall be entered by a separate document.


Dated this 9th day of June, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge